UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DIXON,

        Plaintiff,        Case No. 1:11-cv-619

v.        Honorable Robert J. Jonker

VALERIE A. FOSTER,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and has ordered Plaintiff to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's § 1983 claim will be dismissed with prejudice for failure to state a claim. Plaintiff's remaining claims, which are state-law claims, will be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**Factual Allegations**

Plaintiff Carl Dixon is a Michigan state prisoner at the Macomb Correctional Facility serving multiple sentences. He sues Valerie A. Foster, an attorney employed by the Kent County Defender's Office. In 2009, Plaintiff was charged as a habitual offender with two counts of home invasion in violation of Michigan law. Plaintiff requested appointment of counsel by the court and Defendant Foster was appointed as his attorney. In September of 2009, a jury convicted Plaintiff of the charges and he was sentenced, in October of 2009, to a term of imprisonment of twenty-five to seventy-five years.

To summarize the complaint, Plaintiff alleges that Defendant failed to adequately represent Plaintiff in his criminal action. The complaint lists a number of alleged shortcomings in Defendant's role as counsel, including: failure to consult with Plaintiff, failure to investigate the crime scene, failure to review evidence, failure to object to or lay a foundation for evidence, failure to adopt a reasonable trial strategy, failure to assert affirmative defenses, failure to object to the composition of the jury or the jury pool, and failure to introduce exculpatory evidence. Plaintiff contends that Defendant's conduct was the proximate cause of his criminal convictions and his present incarceration. As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff brings some of his claims under 42 U.S.C. § 1983, asserting that Defendant violated Plaintiff's rights under the Fourteenth and Sixth Amendments. In addition, Plaintiff brings several claims under state law, asserting that Defendant is liable for breach of contract, breach of fiduciary duty, negligence, and legal malpractice.

**Discussion**

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff alleges that Defendant violated his Fourteenth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel. "Section 1983 imposes

liability on anyone who, *under color of state law*, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (quoting 42 U.S.C. § 1983) (emphasis added). The Supreme Court has held, however, that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also White v. Robertson-Deming*, 9 F. App'x 418, 419 (6th Cir. 2001) ("It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983."). In *Polk County*, the Court noted that, even though a public defender is employed by the State, the public defender fulfills a role that "is not amenable to administrative direction in the same sense as other employees of the State." *Id.* at 321. Public defenders must work "under canons of professional responsibility that mandate [the] exercise of independent judgment on behalf of the client." *Id.* Moreover, because public defenders serve to fulfill the Sixth Amendment's requirement to provide adequate counsel to criminal defendants, the State is constitutionally obligated to "respect the professional independence of the public defenders whom it engages." *Id.* at 321-22.

The court in *Polk County* indicated, however, that a public defender is not always immune from suit under § 1983. *Id.* at 324-25. A public defender might be subject to suit under § 1983 for "performing certain administrative and possibly investigative functions," including making hiring and firing decisions. *Id.* at 325. Furthermore, in *Tower v. Glover*, 467 U.S. 914 (1984)*,* the Supreme Court held that public defenders are subject to suit under § 1983 for conduct in concert with state officials. *Id.* at 923. Similarly, in *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007), the Sixth Circuit allowed a § 1983 claim to proceed where

the plaintiff alleged that the public defender acted according to a policy or custom that served the State's interests. *Id.* at 613.

The duties that Defendant allegedly failed to fulfill, e.g., reviewing evidence, consulting with Plaintiff, making objections, asserting defenses, and the like, are quintessentially "traditional functions" of counsel during a criminal proceeding that fall squarely under the rule articulated in *Polk County*. Plaintiff does not allege that Defendant engaged in any functions that could be characterized as "administrative," nor does he allege that Defendant acted in concert with other public officials, or that she acted according to State policy. In other words, under the rule in *Polk County*, Defendant's alleged failure to provide effective assistance of counsel was not conduct "under color of state law" for purposes of a claim under § 1983. Therefore, Plaintiff's § 1983 claims against Defendant Foster must be dismissed for failure to state a claim.

## II.     Supplemental jurisdiction

The remainder of Plaintiff's claims are state-law claims over which the Court does not have original jurisdiction. Because the Court has dismissed Plaintiff's federal claims at this early stage of the proceedings, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's § 1983 claims will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(c)(3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   August 2, 2011            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE